**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| ATLANTIC SPECIALTY INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 19-cv-556-SMY |
| vs. | ) ) | |
| CITY OF CARBONDALE and KODY G. LEEHY, | ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

In this action for declaratory judgment, Plaintiff Atlantic Specialty Insurance Company ("ASIC") seeks a declaration that it does not owe insurance coverage to Defendant City of Carbondale ("Carbondale") in relation to a class action lawsuit filed by Defendant Kody G. Leehy. In the lawsuit, Leehy alleges that a city ordinance which requires payment of a fee to release an impounded vehicle is unconstitutional. Now pending before the Court are ASIC's Motion for Judgment on the Pleadings (Doc. 17), Carbondale's Response (Doc. 30), and ASIC's Reply (Doc. 31). For the following reasons, the Motion is **GRANTED**.

### Background

This case arises from a class action lawsuit filed against the City of Carbondale by Kody Leehy, on behalf of himself and a putative class, seeking refund of a fee Carbondale allegedly wrongfully collected (the "underlying lawsuit") (Doc. 1-1). In the underlying lawsuit, Leehy alleges his vehicle was administratively seized and impounded by a Carbondale officer and that he was charged with an Illinois Vehicle Code violation and a charged a $400 administrative towing

fee pursuant to Carbondale Ordinance 18-12-15 (the "Ordinance").  He is seeking equitable relief

and a judicial declaration under 735 ILCS 5/2-701 that the Ordinance is unconstitutional on its

face and violates his and the putative class' right to substantive due process.  Leehy further requests

that Carbondale be "ordered to disgorge the administrative fees" taken from him and the class

members.

In the instant case, ASIC seeks a declaratory judgment that it does not owe Carbondale a

duty to defend or indemnify it for any judgment entered in the underlying lawsuit.  ASIC asserts

that its Policy issued to Carbondale provides coverage for an underlying lawsuit only if it is a suit

for damages.  It argues that pursuant to the Policy's terms and applicable law, restitution of the

Carbondale administrative towing fee and the declaration needed in order to obtain that restitution

do not constitute "damages" under the Policy.

## The Policy

The Insuring Agreement provision for the Policy's Public Officials Errors and Omissions

Liability Coverage ("E&O Coverage") provides, in relevant part:

A.  Insuring Agreement – Liability for Wrongful Acts

1.  We will pay those sums that the insured becomes legally obligated to
pay as "damages" for a "claim" resulting from a "wrongful act" to which
this insurance applies.

2.  We will have the right and duty to defend the insured against any "suit"
seeking those "damages."  However, we will have no duty to defend the
insured against any "suit" seeking "damages" for a "wrongful act" to
which this insurance does not apply.   We may, at our discretion,
investigate any "wrongful act" and settle any "claim" that may result.
            ************************
7.  Any "claim" or any part of any "claim" seeking injunctive, declaratory
or equitable relief and related costs inclusive of any attorneys' fees or
attorneys' expenses.  This includes any amount required to comply with
a court or administrative order, judgment, ruling, or decree that results
from any action or demand, including, but not limited to costs or
physical alterations required to comply with the Americans with

Disabilities Act or similar laws.

The Insuring Agreement provision for the Policy's Law Enforcement Liability Coverage Form ("LEL Coverage") provides, in relevant part:

A.  Insuring Agreement – Liability for Law Enforcement Wrongful Acts

   1.  We will pay those sums that the insured becomes legally obligated to pay as "damages" for a "claim" resulting from a "law enforcement wrongful act" to which this insurance applies.

   2.  We will have the right and to defend the insured against any "suit" seeking those "damages."  However, we will have no duty to defend the insured against any "suit" seeking "damages" for a "law enforcement wrongful act" to which this insurance does not apply.  We may, at our discretion, investigate any "law enforcement wrongful act" and settle any "claim" that may result.

Both the E&O and LEL coverage provisions define "damages" to include money damages, but excluding "[n]on-monetary relief;" "[p]ayment, restitution, return or disgorgement of any fees, profits, commissions, charges, or any funds allegedly wrongfully or unjustly held or obtained;" or "[a]ny matter uninsurable under applicable law."

## Standard of Review

A motion for judgment on the pleadings under Rule 12(c) is governed by the same standards as a 12(b)(6) motion to dismiss for failure to state a claim.  *Adams v. City of Indianapolis,* 742 F.3d 720, 727–28 (7th Cir. 2014).  That is, facts are viewed in the light most favorable to the nonmoving party, and the motion will be granted "only if it appears beyond doubt that the [nonmovant] cannot prove any facts that would support his claim for relief."  *Buchanan–Moore v. Cnty. of Milwaukee,* 570 F.3d 824, 827 (7th Cir. 2009).  The moving party must demonstrate that there are no material issues of fact to be resolved.  *Moss v. Martin,* 473 F.3d 694, 698 (7th Cir. 2007).

An insurer's duty to defend is determined by comparing the allegations in the underlying

complaint to the relevant provisions of the insurance policy. *Health Care Indus. Liab. Ins. Program v. Momence Meadows Nursing Ctr., Inc*., 566 F.3d 689, 694 (7th Cir. 2009). "An insurer is obligated to defend its insured if the underlying complaint contains allegations that potentially fall within the scope of coverage." *Gen. Agents Ins. Co. of Am., Inc. v. Midwest Sporting Goods Co.,* 828 N.E.2d 1092, 1098 (2005). If any portion of the lawsuit potentially falls within the scope of the coverage, the insurer is obligated to defend. *Valley Forge Ins. Co. v. Swiderski Elecs., Inc.,* 860 N.E.2d 307, 315 (2006). An insurer may refuse to defend only if "it is clear from the face of the underlying complaint that the allegations set forth in the complaint fail to state facts that bring the case within, or potentially within, the coverage of the policy." *Id.*

### Discussion

In *Level 3 Commc'ns v. Fed. Ins. Co.,* 272 F.3d 908, 910 (7th Cir. 2001), the Seventh Circuit Court of Appeals concluded that "a 'loss' within the meaning of an insurance contract does not include the restoration of ill-gotten gain." *Id.* at 910. It reasoned that where relief is restitutionary in character – i.e. "… seeks to deprive the Defendants of the net benefit of the unlawful act…" – it is not a loss. *Id.* at 911. The court further noted that "[a]n insured incurs no loss within the meaning of the insurance contract by being compelled to return property that it had stolen, even if a more polite word than 'stolen' is used ...." *Id.; see also Ryerson Inc. v. Fed. Ins. Co.,* 676 F.3d 610 (7th Cir. 2012). While the Seventh Circuit acknowledged that polices that use the term "damages" rather than "loss" may be distinguishable as providing broader coverage, that distinction is "tenuous." *Id.* at 910.

Similarly, in *Local 705 Int'l Bhd. of Teamsters Health & Welfare Fund v. Five Star Managers, L.L.C.,* 735 N.E.2d 679 (Ill.App.Ct. 2000), a case relied upon in *Level 3,* an Illinois court concluded that the return of money unjustly obtained did not constitute a loss under a policy

that defined "ultimate net loss" to include "damages." *Local,* 735  N.E.2d at 684; *see also OneBeacon Am. Ins. Co. v. City of Granite City,* 2013 WL 556533, at *3 (S.D. Ill. Feb. 13, 2013) (finding that under well-established Seventh Circuit precedent, a liability insurance policy did not provide coverage for the return of a towing processing fee that the city allegedly wrongfully collected from the plaintiff).

Here, the underlying lawsuit seeks the return of fees Carbondale allegedly wrongfully charged Leehy and other similarly situated plaintiffs.  As was the case in *Level 3* and its progeny, the suit involves the potential restoration of an ill-gotten gain; if Leehy ultimately prevails, any money Carbondale will be required to pay amounts to restitution. Therefore, Carbondale's potential liability does not involve a covered "loss" under the ASIC Policy.

While Carbondale concedes that only the Policy's E&O and/or LEL Coverages can apply to the underlying lawsuit and this case turns on whether the damages sought are excluded from coverage, it contends that pursuant to *Maryland Casualty Company v. Peppers*, 355 N.E.2d 24 (1976), whether the money Leehy seeks in the underlying lawsuit constitutes a "fee" or a "fine" is an ultimate fact issue that this Court is prevented from determining at this juncture.  Under Illinois law and the *Peppers* doctrine, "it is generally inappropriate for a court considering a declaratory judgment action to decide issues of ultimate fact that could bind the parties to the underlying litigation."  *Peppers,* 355 N.E.2d at 30.  At the same time, the *Peppers* doctrine does allow declaratory judgments on issues that do not decide an ultimate fact in the underlying case.  *See Landmark Am. Ins. Co. v. NIP Grp., Inc.,* 962 N.E.2d 562, 579 (Ill. App. 2011) (allowing declaratory judgment on an issue that could be resolved by simply comparing the allegations of the complaint with the language of the insurance policy).

Regardless of whether the money is ultimately found to be a fine or a fee, both constitute a "charge" or "funds allegedly wrongfully or unjustly held or obtained" and therefore fall within the policy definition's exception.  This determination does not impact an ultimate factual issue in the underlying lawsuit.

For these reasons, ASIC does not owe Carbondale a defense in the underlying lawsuit, and consequently, is also entitled to dismissal on the issue of indemnification.  The duty to indemnify "arises only in circumstances of actual coverage; if the insurance policy does not cover what is alleged in the claim, the insurer will not have a duty to indemnify based on that claim." *Momence Meadows*, 566 F.3d at 693.

Accordingly, ASIC's Motion for Judgment on the Pleadings (Doc. 17) is **GRANTED**. This declaratory judgment action is **DISMISSED with prejudice** and the Clerk of Court is **DIRECTED** to enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED:  August 3, 2020**

**STACI M. YANDLE**
**United States District Judge**